[No. 2493. Decided January 29, 1897.]

GEORGE G. MILLS et al., Appellants, v. THE COUNTY OF THURSTON et al., Respondents.

TAXATION — LIEN UPON PERSONAL PROPERTY — TRANSFER OF TITLE — RIGHT TO ENFORCE PAYMENT BY DISTRAINT — CONSTRUCTION OF STATUTES.

Under Laws 1895, p. 520, § 21, providing for a tax lien upon personal property, the lien continues and follows the property if it remains in the county, although title thereto may have been transferred to another owner.

The purchaser of a stock of goods upon which there is a tax lien, who mixes therewith other goods subsequently purchased in such a manner that the portion subject to lien cannot be segregated, thereby subjects the whole stock to the satisfaction of the tax lien.

Revenue laws should receive a fair and liberal construction so as to effect the end for which they were intended; and one part should not be given a construction that nullifies another, if it is possible to construe the different provisions together.

Laws 1895, p. 514, § 15 providing for the distraint of goods and chattels belonging to the person charged with delinquent personal property taxes, if found within the county, authorizes, when construed with other provisions of the revenue law, the right of distraint against another to whom the possession and title of such goods have passed subject to the tax lien.

Appeal from Superior Court, Thurston County.— Hon. T. M. REED, JR., Judge.   Affirmed.

*Haight & Owings*, for appellants.

*M. A. Root*, for respondents.

The opinion of the court was delivered by

SCOTT, C. J.—This suit was brought to enjoin the defendants from distraining certain personal property for taxes levied in the year 1895. The defendants being successful in the lower court upon a demurrer to the complaint, the plaintiffs have appealed. It appears that on the 1st day of April, 1895, one Frost was conducting a retail hardware store in the city of Olympia, and that he and his wife were the owners of the stock of goods therein on which the taxes sought to be collected were assessed, and continued to be such owners until some time in the month of February, 1896, in which month said stock was purchased by the plaintiffs. The statute (§ 21, p. 520, Laws 1895), provides that:

"The taxes assessed on personal property shall be a lien upon all of the personal property of the persons assessed, and also upon the property so assessed if the possession thereof shall have been transferred, from and after the first day of January next succeeding the date of the levy of such taxes."

So that, on the first day of January prior to the transfer, the taxes in question had become a lien on the stock of hardware as it then stood. *Binkert v. Wabash Ry. Co.*, 98 Ill. 205-218; *Hill v. Figley*, 23 Ill. 418; *Bridewell v. Morton*, 46 Ark. 73; *Farmers' L. & T. Co. v. Memminger*, 48 Neb. 17 (66 N. W. 1014).

But it is contended that, as against these plaintiffs, the lien could only be enforced, if at all, upon that part remaining of the stock as it existed when it was subject to assessment, viz., the 1st day of April, 1895, and that since that time goods had been continually

sold therefrom and other goods added to the stock and intermingled therewith and that they could not be segregated. It was not alleged in the complaint, however, that there was not enough remaining of the original stock from which to make the amount of the tax, penalties, etc., and furthermore a sufficient answer to this contention is furnished by the well established rule that the loss in such a case, if any, shall fall upon the party who caused the goods to be mixed, and in this instance it was by Frost and his successors, the plaintiffs, consequently any of the goods can be taken for the tax. It is further contended that the only transfer after which the statute authorizes the lien to continue and follow the property is a transfer of "possession," not of title as in this case. But it is evident that, if the statute is to receive such a literal construction, it would serve little or no purpose. While there is some conflict in the authorities as to whether revenue statutes should be given a liberal or strict construction, it seems to us that the better rule is that they should receive a fair construction to effect the end for which they were intended. *United States v. Hodson*, 10 Wall. 395–406; *Cliquot's Champagne*, 3 Wall. 114–144; *Cornwall v. Todd*, 38 Conn. 443–448; *State v. Taylor*, 35 N. J. Law, 184–190; Endlich, Interpretation of Statutes, §§ 245, 251, 258, 264, 265.

It is a well known fact that a large amount of personal property escapes taxation entirely, due to the facilities afforded by the character of the property for evading the collection of taxes thereon. We see no reason why the state should not have the same protection that would be given to an individual. Had the plaintiffs purchased this property subject to a mortgage lien, it would not be contended that they

did not take it subject to the mortgage.   Here was an existing lien which was a matter of record upon these goods at the time of the purchase, and the plaintiffs must be held to have had notice of the existence of such lien and that the taxes were unpaid.

It is further contended that the right of distraint can only be exercised against the person owing the tax, and that, where the goods have been transferred and the title has passed, the remedy is lost.   But applying the same rule of a fair construction to effect the purpose of the law, it would seem that the goods not only pass subject to the lien, but also subject to the remedy given.   The statute provides that :

" Immediately after the first day of December the county treasurer shall proceed to collect all delinquent personal property taxes, and if such taxes are not paid on demand he shall distrain sufficient goods and chattels belonging to the person charged with such taxes, if found within the county, to pay the same." Sec. 15, Laws 1895, p. 514.

The lien would be of little or no consequence, if it was to cease upon the sale of the property to a third party, as a transfer would be easy to make at any time, and the payment of the taxes thus evaded in many instances.   Taxes are usually collected in a summary manner, and necessarily so that there may be no harmful delay in providing the public revenue. Unreasonable restrictions should not be placed thereon. The state is not required to resort to judicial proceedings to enforce payment.  *McMillen v. Anderson,* 95 U. S. 37.

If the contention of the plaintiffs was true, it would destroy the object for which the lien was given, and would render that part of § 21 relating to personal property nugatory.   No other means of enforcing the

lien is provided. The statutes referred to must be construed together, and one part will not be given a construction that nullifies another part, unless they are clearly inconsistent. It is evident that the lien was given for the purpose of insuring the collection of the tax and to prevent a loss by reason of the transfer of the property. There is no reason why the same remedy should not obtain against the party purchasing as against the original owner, so far as the property purchased is concerned. The legislature had in mind the subjection of the property to the payment of the tax, in giving this lien, rather than enforcing a mere personal obligation of the original owner. Section 15 aforesaid directs the distress of goods and chattels, if found within the county, and this would indicate that it was not intended that the original owner should be considered as the only person who could be "charged with such taxes," but that the property might be taken anywhere in the county, regardless of ownership or possession, where the lien had attached.

Affirmed.

DUNBAR, GORDON and REAVIS, JJ., concur.