[No. 6453.   Decided January 28, 1907.]

THE CITY OF PUYALLUP, *Appellant*, v. ED. M. LAKIN, *as Treasurer of Pierce County, Respondent*.[1]

TAXATION—ASSESSMENT—PERSONAL PROPERTY—LIEN—WHEN ATTACHES. Laws 1903, p. 73, § 3, providing that the taxes assessed upon personal property shall be a lien from and after the date ·upon which such assessment is made, refers to the listing of the property by the assessor, and the lien attaches immediately upon such listing.

SAME—LIEN—PURCHASE BY CITY. A city purchasing a water plant after a lien for personal· property taxes has attached, takes the same subject to the tax, and the lien is not devested by devoting the property to a public use prior to levy for the tax.

[1]Reported in 88 Pac. 578.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered September 10, 1906, upon sustaining a demurrer to the complaint, dismissing an action to recover possession of property seized for taxes. Affirmed.

*M: F. Porter* (*T. L. Stiles*, of counsel), for appellant.
*Charles O. Bates*, for respondent.

DUNBAR, J.—The respondent, as treasurer of Pierce county, levied upon a boiler, two pumps, and a condenser, which constituted a part of the machinery of the pumping plant supplying the city of Puyallup with water, for unpaid personal taxes claimed to have been levied on the water plant for the year 1905. This plant was formerly owned by the Puyallup Water and Light Company, a private corporation. On the 1st day of September, 1905, the appellant purchased the property from the Water and Light company. On July 31, 1905, the county assessor filed his list of the plant, valuing it for taxation at $10,554. In October, 1905, the county commissioners levied the taxes for that year, and levied the sum of $365.92 as tax on the water plant. The tax not having been paid, the respondent, as treasurer, seized the property, and was threatening to sell it when this action was brought to test the validity of the tax and recover possession. The court sustained a demurrer to the complaint and rendered judgment dismissing the action; from which judgment this appeal is taken.

It is contended by the appellant, first, that the property was not taxable, being the property of a municipal corporation; and second, that even though the property was taxable, inasmuch as it was machinery incorporated into the public water system of the city of Puyallup, it was not subject to levy. The statute, Laws 1903, p. 73, § 3, provides: "The taxes assessed upon personal property shall be a lien upon all real and personal property of the person assessed, from and after the date upon which such assessment is made," and

24—45 WASH.

the result of this case depends upon the construction of this statute. It is the contention of the appellant that the phrase "taxes assessed" should be construed to mean taxes levied, and that, therefore, no lien attached until after the levy, which was made in October, subsequent to the sale of the property to the municipality. But this court in the case of *Klickitat Warehouse Co. v. Klickitat County*, 42 Wash. 299, 84 Pac. 860, placed a different construction upon this statute, and held the date of assessment to be the time when the assessor placed his valuation on personal property listed with him by the owner; and that the word "assessments," as used in the law, meant the valuation of property for taxation by the assessor, and not the levy of taxes by the commissioners. We are asked by the appellant to overrule the decision in this case as not being consistent with the law. The decision in that case was arrived at after a full presentation of the law and mature deliberation by this court, and notwithstanding the learned argument made by the appellant, we are convinced that a proper construction was placed upon the statute in that case, and therefore decline to overrule it.

The second contention, that the property is not taxable because devoted to public use, we think cannot be sustained. If the property had a lien upon it when it was purchased by the municipality, the municipality like an individual would take the property subject to the lien. The collection of the tax might be an idle thing if all the assessment that was due on the property would go to the municipality, but such is not the case. A portion of the money is due to the state, a portion to the county, and a portion to the school district, and such incorporations are entitled to their share of the money due.

We think that no error was committed by the court in sustaining the demurrer to the complaint, and the judgment is therefore affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, ROOT, CROW, and MOUNT, JJ., concur.