[No. 18147.   Department Two.   December 18, 1923.]

MARK W. PENNINGTON, *Respondent,* v. YAKIMA COUNTY
*et al., Appellants.*[1]

TAXATION (105)—PERSONAL TAX—LIEN—PRIORITY—SEIZURE BY SHERIFF—STATUTES. Under Rem. Comp. Stat., § 11272, providing that taxes assessed upon personal property shall be a lien upon all the real and personal property of the person assessed, the floating lien against all the personal property other than the particular property assessed, does not become a fixed lien until the property is seized by the sheriff, under §§ 11257 and 11258.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered April 28, 1923, in favor of the plaintiff, in an action to recover a deposit in court, tried to the court. Affirmed.

[1]Reported in 221 Pac. 326.

*Sydney Livesey,* for appellants.
*Geo. F. McAulay,* for respondent.

PEMBERTON, J.—The respondent, on the 19th day of April, 1920, secured a chattel mortgage upon three Columbia automobiles. On May 3, 1922, the sheriff of Yakima county seized the property under the foreclosure of the mortgage. On May 9, the sheriff distrained the automobiles for taxes for the years 1920 to 1922, inclusive, in the amount of $579.73. Of this amount there was $223.94 due for taxes against the automobiles. The balance of the assessment was upon other personal property assessed to the owner of these automobiles. Upon stipulation, the $223.94 was paid and the proceeds of the sale of these cars, amounting to $590, was deposited with the clerk of the superior court of Yakima county until final determination of this case. From a finding and judgment in favor of respondent, this appeal is taken.

It is the contention of appellants that the personal property tax assessed against the owner of property is a lien, not only upon the property against which the tax is levied, but against all the real and personal property of the person assessed, under § 11272, Rem. Comp. Stat. [P. C. § 6979], reading as follows:

"The taxes assessed upon personal property shall be a lien upon all the real and personal property of the person assessed, from and after the date upon which such assessment is made, and no sale or transfer of either real or personal property shall in any way affect the lien for such taxes upon such property."

This section providing that the taxes assessed shall be a lien upon all the real and personal property of the person assessed, from and after the date upon which such assessment is made, has been construed by this court in the case of *Scandinavian-American Bank v.*

*King County,* 92 Wash. 650, 159 Pac. 786, wherein we said:

"Taxes upon real property are made a lien upon the specific property charged, and taxes upon personal property are made a lien upon the specific personal property charged from and after the date of the assessment.

"Manifestly the lien for delinquent personal taxes does not attach to real estate prior to the time specific real property is selected by the county treasurer and he has charged it by proper entry upon the tax rolls, and then only when the property is owned by the person owing the delinquent personal property tax. . . . But if we grant that a lien does exist, the county is in no better position for, up to the time of selection and charging, the lien is floating and inchoate."

This floating lien against all the personal property belonging to the person assessed, other than the particular property assessed, does not fasten or become a fixed lien until the property is seized by the sheriff under §§ 11257 and 11258, Rem. Comp. Stat. [P. C. §§ 6957, 6958], wherein it is provided that the sheriff shall destrain goods and chattels belonging to the person charged with such taxes.

The mortgage lien of the respondent is superior to all the taxes except the $223.94 assessed directly against these automobiles.

The judgment is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.