[No. 18828.   Department Two.   January 5, 1925.]

## BERT WILBERG et al., Respondents, v. YAKIMA COUNTY et al., Appellants.[1]

TAXATION (107)—PERSONAL PROPERTY—LIEN—TRANSFER OF PROPERTY—STATUTES—CONSTRUCTION.  Where an entire retail stock of goods, assessed as the property of B., and sold to W., had been depleted and entirely changed after the levy of the tax thereon, new stock replaced in the business by W. cannot be distrained, and W. is not liable for the tax; in view of Rem. Comp. Stat., § 11272, making taxes upon personal property a lien upon all the real and personal property of the person assessed; the remedy of the county (under § 11283, requiring a' selection in order to charge the lien on other property of the person assessed) being, (1) the obligation of the person assessed; (2) a lien on the specific property; (3) if such property does not exist, a lien upon other property of the person assessed; (4) a distraint upon the specific property; (5) a selection of other property of the person assessed; and (6) following the specific property and destraint thereon where it can be identified.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered April 10, 1924, in favor of the plaintiffs, in an action to enjoin the collection of a tax, after a trial to the court upon an agreed statement of facts.   Affirmed.

*Sydney Livesey,* for appellants.

*Geo. F. McAulay,* for respondents.

'Reported in 231 Pac. 931.

MACKINTOSH, J.—The facts in this case are stipulated and are that Baldoser, on March 1, 1921, was the owner and operator of a retail grocery business in Yakima county, the assessor of which county assessed the stock of goods and fixtures as of that date for taxation for the year 1921; that Baldoser continued to own and operate the business from March 1, 1921, to November 16 of the same year, when he sold the building, including the stock and fixtures, to the respondents, who took possession and continued to operate the grocery business; that, pursuant to the assessment, a tax was levied against the stock of goods and fixtures, which tax became due on March 15, 1922; that Baldoser did not pay this tax, nor was it paid by the respondents; that, after the delinquency, and on October 31, 1922, the appellant, as sheriff of Yakima county, levied a destraint upon the goods and fixtures then owned by the respondents in their grocery, for the purpose of collecting the taxes above referred to; that the stock and fixtures owned by Baldoser on March 1, 1921, were "continually depleted and removed in the ordinary course of said retail grocery business, and it is admitted that, at the time of the distraint at the time hereinafter mentioned, the entire stock of goods had been changed in the conduct of such retail grocery business by said Baldoser and these plaintiffs," and that the fixtures had been replaced by more expensive ones. The respondents brought this action to restrain Yakima county from the enforcement of the collection of the taxes, for the reason that the goods and fixtures were not the same as those originally purchased from Baldoser, nor the same that were originally assessed. Upon the issuance of the injunction, Yakima county appealed.

Section 11272, Rem. Comp. Stat. [P. C. § 6979], reads as follows:

"The taxes assessed upon personal property shall be a lien upon all the real and personal property of the person assessed, from and after the date upon which such assessment is made, and no sale or transfer of either real or personal property shall in any way affect the lien for such taxes upon such property."

Section 11283, Rem. Comp. Stat. [P. C. § 6952], reads:

"When it becomes necessary, in the opinion of the county treasurer, to charge the tax on personal property against real property, in order that such personal property tax may be collected, such county treasurer shall select for that purpose some particular tract or lots of real property owned by the person owing such personal property tax, and in his tax-roll and certificate of delinquency shall designate the particular tract or lots of real property against which such personal property tax is charged, and such real estate shall be chargeable therewith.     .     .     ."

The appellant relies upon the case of *Mills v. Thurston County,* 16 Wash. 378, 47 Pac. 759, where taxes for personal property assessed against A., who was the owner at the time of assessment, were attempted to be collected from B., who had purchased the stock of goods after the assessment and who was the owner at the time that the collection of the taxes was attempted. B. tried to restrain the collection of the tax from him, on the ground that sales had been made from the original stock assessed and new goods had been intermingled, and that it was impossible to segregate from the stock then on hand any that was in existence and in the hands of A. at the time of the assessment. B., however, was compelled to pay the tax, it appearing to the court that out of the original stock in the hands of A. at the time of the assessment there was "enough remaining.     .     .     from which to collect the amount of the taxes, penalties etc." But

the facts in the case here distinguish it from the *Mills* case, for here, according to the stipulation, there was in the hands of the respondents at the time of the distraint, none of the original property assessed against Baldoser. This case must, therefore, be decided in the same way as was decided the cases of *Scandinavian American Bank v. King County,* 92 Wash. 650, 159 Pac. 786; *Raymond v. King County,* 117 Wash. 343, 201 Pac. 455, and *Pennington v. Yakima County,* 127 Wash. 538, 221 Pac. 326, which cases laid down the rule that the personal property tax is a personal obligation of the owner of the chattel, and also a lien upon the specific chattel assessed. It is not the personal obligation of one acquiring the property subsequently to the assessment, but may be a lien upon the specifically assessed personal property in the hands of such purchaser. In the case at bar, there is no such specific property in the hands of the respondents, and it not being their personal obligation, they are not liable to pay. In the case of *Raymond v. King County, supra,* this court said:

"The statutes relating to the assessment and collection of taxes upon personal property are somewhat complicated, and to a certain extent confusing. While they perhaps contain no specific provision to that effect, they evidently contemplate that an assessment upon personal property is not only a lien upon the specific chattel assessed, but is a personal obligation of the owner of the chattel. . . Invoking the language of this section [Sec. 11272, Rem. Comp. Stat.] the appellants contend that a personal property tax, no matter when or upon what property assessed, becomes a lien upon all the personal property owned by persons charged with the tax, whenever or however acquired, and that the lien follows the property into whosesoever hands it may subsequently fall.

"It is our opinion that this is not the legislative meaning. To give the statute the construction con-

tended for would be to say that a chattel, by mere sales and deliveries, could be charged with a constantly increasing burden. . . . But we think the statutes themselves show that the contention made misconstrues the legislative intent. The statutes from the earliest time have contained provisions similar to the provision now in question, declaring that the taxes assessed upon personal property shall be a lien upon all of the real and personal property of the person assessed, yet the statutes declaring the lien have uniformly provided that any levy upon personal property to enforce the lien shall be made upon the personal property of the person charged with the tax.  .  .  .
. . . It is there provided that, in the event the treasurer is unable to collect such taxes in due course, he shall prepare papers in distraint, which shall contain a description of the personal property, the amount of the tax, the amount of the accrued interest at the rate of 15 per cent per annum from March 15 of the year succeeding the levy, and the name of the owner, or reputed owner, and shall file the same with the county sheriff, 'who shall immediately without demand or notice, distrain sufficient goods and chattels belonging to the person charged with such taxes to pay the same.  .  .'
Manifestly, we think, had it been intended that the levy could be made upon any property the person charged with the taxes at any time owned while so charged, it would have been so stated in express terms, and the specific provisions prescribing upon what property the levy should be made, would not have been so framed as to exclude the idea.''

While it is not essential for the determination of the question involved in this case, it may not be amiss, in order, if possible, not to add to the confused situation with regard to the collection of personal property taxes, to say that the law on this subject seems to be that personal property taxes assessed against specific items of personal property are to be collected in this manner:

(1)  The amount of the tax is the personal obliga-

tion of the person who owned the property at the time of the assessment, which time, we have determined in *Klickitat Warehouse Company v. Klickitat County,* 42 Wash. 299, 84 Pac. 860, and *Puyallup v. Lakin,* 45 Wash. 368, 88 Pac. 578, is the time of the listing of the property by the assessor;

(2)   That the tax is to be collected, if such property still continues in the hands of the person against whom it was assessed, from such property;

(3)   If that specific property does not exist in such hands, the amount of the tax may be collected as a lien upon all the real and personal property of the person assessed, and may be collected from the other personal or real property of such person;

(4)   And if it is to be collected from the personal property, it does not become a lien upon such property until it has been seized and distrained by the sheriff, under §§ 11257 and 11258, Rem. Comp. Stat. [P. C. §§ 6957, 6958]. *Pennington v. Yakima County, supra.*

(5)   If it is to be collected from the real property, the method is provided by § 11283, Rem. Comp. Stat. [P. C. § 6952], which provides for the swearing by the county treasurer of the personal property tax onto specifically selected real property. *Scandinavian American Bank v. King County, supra.*

(6)   If the tax is not collected from the person against whom it is assessed and who owned the personal property at that time, it may be collected from a subsequent owner in whose hands the property may be at the time of the attempted collection, but in order to collect the tax from such person it must originally have been so specifically assessed that it can be traced into the hands of persons against whom the tax is sought to be enforced and there identified as being the same specific property described in the original assessment. *Mills v. Thurston County, supra.* As was noted

in *Raymond v. King County, supra,* the case of *State v. Snohomish County,* 71 Wash. 320, 128 Pac. 667, apparently laid down a rule in regard to real property different than that announced in *Klickitat Warehouse Co. v. Klickitat County, supra; Puyallup v. Lakin, supra;* and *Mills v. Thurston County, supra,* which were cases involving the lien of personal property taxes.

For the reason that the respondents were not, at the time of the distraint by the appellant sheriff, in possession of any personal property against which the tax of March 1, 1921, had been assessed, they are not liable for this tax. The judgment is therefore affirmed.

MAIN, C. J., HOLCOMB, FULLERTON, and MITCHELL, JJ., concur.