[No. 19278.   Department One.   August 26, 1925.]

CHARLES T. GOODSELL, *Appellant*, v. SPOKANE COUNTY
et al., *Respondents*.[1]

TAXATION (107)—PERSONAL PROPERTY—LIEN—TRANSFER OF PROP-
ERTY—STATUTES—CONSTRUCTION.   Under Rem. Comp. Stat., § 11272,
providing that taxes assessed upon personal property shall be a lien
from and after the date upon which the assessment is made, which
shall not be affected by a sale or transfer, where all of several articles
is assessed as one lot, and all sold subsequently to one purchaser,
any portion found in the hands of such purchaser may be distrained
for the whole tax; but, if only part of the property is sold, that
part can be distrained and sold to pay only its just proportion of
the tax.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered October 28, 1924,
dismissing an action to enjoin a tax sale, upon sustain-
ing a demurrer to the complaint.   Reversed.

*J. C. Farrington,* for appellant.

*Chas. H. Leavy* and *E. J. Farley,* for respondents.

BRIDGES, J.—The question in this case may be stated
thus: Where various articles of personal property, of
unequal value, have been assessed to A, as owner, for
taxation purposes, the assessment and valuation being
made of the property as a whole or in bulk, and tax has
been levied thereon and thereafter a part of the prop-
erty is sold to B, and A does not pay any portion of the
tax, can the whole thereof be made out of the part of
the property owned and held by B at the time of dis-
traint?

The complaint alleged that one Hampton had been
operating a gasoline station in the city of Spokane and,
in connection therewith, had a stock of goods and
merchandise and other property, consisting of trade

[1]Reported in 238 Pac. 612.

fixtures, furniture, machinery, implements for repair work, electric dynamos, pumps, air pressure, etc.; that, during the year 1923, all of this property was assessed and valued as a whole against Hampton, the owner, and taxes were levied thereon; that Hampton had not paid any of such taxes and that they were delinquent; that the plaintiff had purchased of Hampton a portion of the property mentioned, and that the remainder of it had been sold by Hampton to various parties who were to the plaintiff unknown; that the proper officers of Spokane county had demanded of the plaintiff the payment of the whole tax on all the property assessed, which demand was refused; but that plaintiff had offered to pay a fair and just tax on such portion of the property as he had purchased from Hampton, and tendered such amount, which offer and tender were rejected; that thereafter the defendants levied upon the portion of the property so purchased from Hampton, and still owned by the plaintiff, and threatened to sell it in order to raise money to pay the whole tax levied against Hampton. The prayer was for an injunction against this sale. A demurrer to the complaint having been sustained and the plaintiff having elected to stand upon his pleading, judgment was entered dismissing the action.

Disputes in connection with the collection of personal property taxes have always been fruitful of much troublesome litigation. The exact question involved here has not previously been before this court.

For the most part, the dispute is over the construction to be given § 11272, Rem. Comp. Stat. [P. C. § 6979], which reads as follows:

"The taxes assessed upon real property shall be a lien thereon from and including the first day of March in the year in which they are levied until the same are paid, but as between a grantor and grantee such lien

shall not attach until the first Monday of February of the succeeding year. The taxes assessed upon personal property shall be a lien upon all the real and personal property of the person assessed, from and after the date upon which such assessment is made, and no sale or transfer of either real or personal property shall in any way affect the lien for such taxes upon such property.''

In *Mills v. Thurston County*, 16 Wash. 378, 47 Pac. 759, much relied on by the respondent, the facts were that one Frost was conducting a hardware business, and his stock of goods was assessed and valued as a whole, or in bulk. Thereafter the property was sold to Mills, who, in the ordinary course of trade, sold most of it, but had remaining enough of the original stock to satisfy the tax originally levied. We held that such of the original property as remained might be sold by the tax collecting authorities to pay the whole tax.

The case of *Raymond v. King County*, 117 Wash. 343, 201 Pac. 455, is much referred to. While there are some things said in that case which are indirectly applicable to the facts here, yet the case is not controlling, because its facts are altogether different. There was certain lumber and certain other personal property. Taxes were levied on the other property. The sheriff distrained the lumber after it had been sold to a third party and threatened to sell it to pay the tax. This we held could not be done.

The case of *Wilberg v. Yakima County*, 132 Wash. 219, 231 Pac. 931, is cited as supporting the action of the trial court. While much that is there said is of interest in this case, it is not controlling because its facts are different. There, A was the owner of a retail grocery business, and the stock of goods and fixtures as a whole were assessed. After operating the

store for some months, he sold all of the remaining merchandise, and that which had taken the place of some that had been sold and the fixtures, to B, who likewise continued to operate the store but soon disposed of the existing fixtures and replaced them with more expensive ones. Later, the tax not having been paid, the sheriff levied on the stock of goods as it then existed for the purpose of raising money to pay the tax. At that time, no portion of the property B had bought from A remained in B's possession. We held that the distraint was unlawful. That case, for the most part, differs from *Mills v. Thurston County, supra,* in that in the latter case there remained at the time of the distraint a portion of the original property, while in the former case such was not the fact.

In the *Wilberg* case, we undertook to lay down certain rules of law with reference to collecting taxes on personal property in instances where there was an assessment against specific items of personal property. But those rules do not entirely meet the situation here, where the assessment was not against specific personal property but was in bulk or against the whole property. As supplementing the rules laid down in the *Wilberg* case, but affecting assessments which were not on specific property, that is, assessments on the property as a whole, we think the following may be stated:

. (1) Where there are various pieces of personal property, of unequal value, belonging to A and assessed to him, and such assessment and valuation is of the whole of the property as one lot, and subsequently all of that property comes into the hands of B, then all or any portion of the property found in the latter's hands may be distrained and sold to pay all or any portion of the original tax. This rule, for the most part, is based on the case of *Mills v. Thurston County, supra.*

(2) Where the same kind of property has been likewise assessed and valued, and only a part of it is subsequently sold to B, the part so purchased and at the time held by B cannot be distrained and sold to pay the whole tax according to the original assessment, but may be sold to pay its just portion thereof. But this rule, for obvious reasons, cannot be made to apply to a stock of goods, wares and merchandise held for sale and sold at retail in the ordinary course of business.

We think it is not necessary to here give in detail our reasons in support of these rules. For the most part, they will appear to anyone interested in the matter and, to some extent, they have been given in the cases previously cited and others from this court. There are many expressions in those cases which indicate that the court has seen, and has been disposed to take, the road which we have taken. It is but fair to state that there are cases outside this court which come to a conclusion contrary to the one here reached. *Crawford v. Koch,* 169 Mich. 372, 135 N. W. 339; *Bridewell v. Morton,* 46 Ark. 73. But we think our rules nearer in accord with business principles and equitable considerations.

The first rule is necessary because of the decision in the *Mills* case, *supra,* which was decided many years ago and which has been lately by us approved. Besides, the rule is just. The purchaser takes all the assessed property. He must know that he is taking it subject to the taxes, because he must know they have not been paid. Having taken all the property, it is just that he pay all the taxes, provided enough of the original property can be distrained out of which the whole tax may be made. In this connection, it should be remembered that we have held that such a purchaser does not become personally liable for the tax. Since he takes all

22—135 WASH.

the property, he cannot have any difficulty in determining the amount of the tax. Besides, as to him the assessment is in effect one on specific property.

The second rule (where the third person takes only a part of the property) is right because it would be inequitable to require one who has received only a part of the property to pay the tax on the whole property. The exception we have stated to this rule is, we believe, founded on necessity. It would be intolerable, as well as destructive of business, to hold that one who, in the usual course, buys a dollar's worth of sugar of a retail grocer, must take it subject to its just proportion of the tax on the whole stock of groceries.

But we will not prolong this opinion to give other reasons. We state these rules because we believe that, for the most part, they will be found to be workable, realizing, however, that their voyage will not always be smooth.

Under the rules we have announced, the property which the taxing authorities have distrained in this case would be liable for its just proportion of the original tax, but not for the whole thereof. Inasmuch as the complaint shows that the appellant has offered to pay his just portion of the tax and has tendered the same, there would be no justification, under the facts pleaded, for a sale for any purpose of the property distrained.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer to the complaint.

Tolman, C. J., Holcomb, and Askren, JJ., concur.

Parker, J., concurs in the result.