[No. 20283.   Department Two.   March 15, 1927.]

TACOMA GROCERY COMPANY, *Respondent*, v. PIERCE
COUNTY et al., *Appellants.*[1]

[1] TAXATION (107, 130, 131)—COLLECTION—TRANSFER OF PROPERTY—
PROPERTY SUBJECT TO SEIZURE—SUMMARY REMEDIES.   Where personal property was transferred subject to a tax, and later commingled with the goods of the purchaser and disposed of, there can be no distraint upon the personal property of the purchaser.

[2] SAME (107, 131)—SUMMARY REMEDIES—PROPERTY TRANSFERRED
—ASSUMED LIABILITY—ENFORCEMENT.   After assignment and disposal of the property taxed, a summary distraint for the collection of taxes, under Rem. Comp. Stat., § 11258, cannot be employed by a county to enforce a stipulation in the contract of sale whereby the purchaser assumed and agreed to pay all taxes against the property.

Appeal from a judgment of the superior court for Pierce county, Remann, J., entered April 15, 1926, upon findings in favor of the plaintiff, in an action to enjoin the enforcement of a personal property tax, tried to the court.   Affirmed.

*J. W. Selden, D. D. Schneider* and *John H. Binns,* for appellants.

*Harmon & Keyes,* for respondent.

PARKER, J.—The plaintiff, Tacoma Grocery Company, commenced this action in the superior court for Pierce county seeking an injunction restraining the defendant county, its treasurer and sheriff, from proceeding to sell under distraint certain goods belonging to the plaintiff in satisfaction of certain personal property taxes levied against the Lindberg Grocery Company in the year 1924.   The cause proceeded to trial upon the merits, resulting in a decree awarding

[1]Reported in 253 Pac. 1079.

injunctive relief to the plaintiff as prayed for, from which the defendants have appealed to this court.

The controlling facts, as viewed by the trial court and as clearly proven, may be summarized as follows: In March, 1924, the stock of goods belonging to the Lindberg Grocery Company of Tacoma was valued and assessed by the assessor of Pierce county in the name of that company, for general taxation. On May 17, 1924, the stock of goods so assessed was purchased by the Younglove Grocery Company, the West Coast Grocery Company, and respondent, the Tacoma Grocery Company, all doing business in Tacoma, each taking approximately one-third of the stock so purchased. The portion so taken by respondent was commingled with its general stock and all disposed of by it in the usual course of trade long before the distraint of its goods here in question. On April 8, 1926, one-third of the personal property taxes levied in the year 1924 upon the assessment of that year against the Lindberg Grocery Company having become delinquent and unpaid, the defendant sheriff, in pursuance of appropriate distraint papers, made and delivered to him by the defendant treasurer, as provided by Rem. Comp. Stat. § 11258 [P. C. § 6958], seized and distrained goods belonging to the respondent and gave notice of sale thereof to satisfy one-third of the 1924 taxes so levied against the Lindberg Grocery Company. None of the goods so distrained by the sheriff were goods purchased by the respondent from the Lindberg Grocery Company, all the goods so purchased having been entirely disposed of by respondent in the usual course of trade long before that distraint. These facts appearing to the trial court, it awarded the injunctive relief prayed for by respondent.

[1]   It has become the settled law of this state that
the personal property of a person can in no event be
lawfully distrained, as was attempted in this case, to
satisfy a personal property tax charged against an-
other person, when the property sought to be dis-
trained never was the property of the person against
whom the tax sought to be enforced is charged. *Ray-
mond v. King County,* 117 Wash. 343, 201 Pac. 455;
*Pennington v. Yakima County,* 127 Wash. 538, 221 Pac.
326; *Wilberg v. Yakima County,* 132 Wash. 219, 231
Pac. 931; *Goodsell v. Spokane County,* 135 Wash. 669,
238 Pac. 612.   This problem has been so thoroughly
reviewed and settled by these decisions as not to call
for further discussion here.

[2]   Some contention is made in behalf of appel-
lants that respondent is rendered liable to the county
for this tax by reason of a stipulation in the purchase
contract made with the Lindberg Grocery Company
on March 17, 1924, which stipulation reads:

"It is further understood and agreed that pur-
chasers shall assume all personal property taxes for
the current year levied against the goods so sold."

If respondent is so rendered liable to the county, it
is because of this contract stipulation and not because
respondent is liable as a taxpayer in the sense that
such liability can be enforced by the summary dis-
traint proceedings prescribed by § 11258, Rem. Comp.
Stat., [P. C. § 6958].   To enforce such contract liabil-
ity as against respondent, it seems plain to us that
the county must do so, if at all, in some sort of ap-
propriate judicial proceedings wherein respondent
would have the usual opportunities of defense in such
proceedings.   The proceeding here invoked by the
county is strictly summary and statutory, and can be
successfully invoked only to enforce a tax lien against

specific property subject thereto. Manifestly, the personal tax there sought to be satisfied by this summary method is not a lien on the property of respondent here in question.

We conclude that the judgment awarding injunctive relief must be affirmed. It is so ordered.

MACKINTOSH, C. J., TOLMAN, BRIDGES, and ASKREN, JJ., concur.