[No. 21142.   Department Two.   August 8, 1928.]

## J. E. MARTIN et al., Respondents, v. F. J. O'BRIEN et al., Appellants.[1]

[1] WATERS AND WATER COURSES (92)—TAXATION (105)—IRRIGATION
ASSESSMENTS—LIEN—TIME WHEN ATTACHES. Under Rem. Comp.
Stat., § 7440, requiring that, after preliminary proceedings for
assessments, the directors of an irrigation district shall, before
delivery of the assessment roll to the county treasurer, "levy
an assessment" (which, under § 7441, is not a lien as between
grantor and grantee until the first of February in the following
year), the "assessment" is made at the time of entry of an
order that an assessment "be and is hereby levied;" hence the
assessment would not be included in the exception to the war-
ranty clause of a subsequent deed conveying the land subject
to "future" irrigation assessments.

Appeal from a judgment of the superior court for
King county, Hall, J., entered October 22, 1927, upon
findings in favor of the plaintiffs, in an action on an
irrigation assessment, tried to the court.   Affirmed.

*Frank R. Jeffrey,* for appellants.

*Phillip Tworoger* and *Ben A. Maslan,* for respond-
ents.

MAIN, J.—The plaintiffs brought this action to re-
cover an irrigation assessment upon land conveyed to
them by the defendants and which they claim the de-
fendants should pay.   The cause was tried to the court
without a jury and resulted in findings of fact and con-
clusions of law sustaining a recovery.   Judgment was
entered in favor of the plaintiffs for the sum of
$229.73, from which the defendants appeal.

December 28, 1926, the appellant conveyed by war-
ranty deed to the respondents certain real property
situated in Benton county which was within the bound-

[1]Reported in 269 Pac. 812.

ary of the Richland Irrigation District. This deed contained a provision that it was

". . . subject to future irrigation assessments and rules and regulations of the Richland Irrigation District. This land is in the boundary of the Richland Irrigation District and has a water right appurtenant thereto for all the land herein described."

Prior to this time and on December 9, 1926, the board of directors of the Richland Irrigation District had met and levied an assessment upon this and other property in the district. Subsequently the respondents paid the assessment and brought this action to recover the same.

The appellants contend that "future irrigation assessments," as used in the deed, was intended by the parties to mean taxes that should subsequently become a lien upon the property or should subsequently become due and payable. The respondents contend that the levy of the assessment by the board of directors of the irrigation district brought it within the terms of the deed. These respective contentions present the question to be decided.

[1] The language of the resolution of the board of directors was that "an assessment shall be and is hereby levied." Section 7436, Rem. Comp. Stat. [P. C. § 3214], requires that the secretary of the board, between the first Monday in March and the first Tuesday in November of each year,

". . . prepare an assessment-roll with appropriate headings in which must be listed all the lands within the district."

Section 7438 [P. C. § 3216], provides that the secretary on or before the first Tuesday in November of each year shall complete the assessment-roll and "deliver it to the board . . ." Section 7439 [P. C. § 3217], requires that the board of directors shall meet

17—148 WASH.

to hear objections to the assessment roll prepared by the secretary. Section 7440 [P. C. § 3218], provides that the board of directors shall, before the roll is delivered by the secretary to the county treasurer "levy an assessment" for the purposes therein specified. Section 7441 [P. C. § 3219], provides that the assessment shall be a lien against the property assessed from and after the first Monday in March in the year in which it is levied, but as between the grantor and grantee such levy shall not attach until the first Monday in February of the year thereafter.

In *Klickitat Warehouse Co. v. Klickitat County,* 42 Wash. 299, 84 Pac. 860, and *Puyallup v. Lakin,* 45 Wash. 369, 88 Pac. 578, it was held that general taxes were assessed from the time when the assessor placed his valuation on the personal property listed with him by the owner. In the latter case, it was said:

"It is the contention of the appellant that the phrase 'taxes assessed' should be construed to mean taxes levied, and that, therefore, no lien attached until after the levy, which was made in October, subsequent to the sale of the property to the municipality. But this court in the case of *Klickitat Warehouse Co. v. Klickitat County,* 42 Wash. 299, 84 Pac. 860, placed a different construction upon this statute, and held the date of assessment to be the time when the assessor placed his valuation on personal property listed with him by the owner; and that the word 'assessments,' as used in the law, meant the valuation of property for taxation by the assessor, and not the levy of taxes by the commissioners. We are asked by the appellant to overrule the decision in this case as not being consistent with the law. The decision in that case was arrived at after a full presentation of the law and mature deliberation by this court, and notwithstanding the learned argument made by the appellant, we are convinced that a proper construction was placed upon the statute in that case, and therefore decline to overrule it."

Those cases were referred to with approval in the case of *Wilberg v. Yakima County,* 132 Wash. 219, 231 Pac. 931.

[1] If, as held in those cases, a general tax is assessed from the time when the assessor placed his valuation on the personal property, it must necessarily follow, in the case now before us, that an assessment was made at the time the board of directors of the irrigation district met and provided that an assessment "be and is hereby levied," the preliminary steps above referred to having already been taken. The assessment having been made prior to the giving of the deed, it was not included in "future irrigation assessments," subject to which the conveyance was made. Cases are cited from other jurisdictions, but it would serve no useful purpose to review these, because the law of this state has been established by the cases above mentioned.

The judgment will be affirmed.

FULLERTON, C. J., ASKREN, HOLCOMB, and BEALS, JJ., concur.