J. I. CASE THRESHING MACHINE CO., Appellant, v.
BENTSON, Respondent.

(231 N. W. 948.)

(File No. 6619. Opinion filed August 12, 1930.)

Case & Case, of Watertown, for Appellant.

Paul Byrne, of Faith, for Respondent.

MISER, C. This is an appeal from an order sustaining a demurrer to appellant's complaint in an action brought by appellant to recover taxes paid under protest. The complaint alleges that the defendant is the treasurer of Faulk county; that prior to April 8, 1925, plaintiff was the owner of a certain tractor; that on said date he sold the same to one Davidson; that on December 22, 1926, plaintiff repurchased the tractor from Davidson and took possession thereof and was thereafter the owner of the same; that on January 3, 1927, the sheriff of Faulk county, proceeding under the instructions of the treasurer, wrongfully seized the tractor and gave written notice to plaintiff of his intention to sell the tractor to satisfy the personal tax due from said Davidson for the year 1922; that ever since the accrual of the said tax for 1922 Davidson had been the owner of sufficient personal property in Faulk county to pay the tax; and that, if the tax had not theretofore been recovered by the treasurer and sheriff of Faulk county, it was because of their negligence in not proceeding to satisfy said personal tax out of the property owned by and in the possession of said Davidson; that, under the distrainment of plaintiff's property, said sheriff would have sold said tractor, then owned by plaintiff, for Davidson's personal taxes for 1922 had not the plaintiff paid the same under protest; that, by reason of said compulsory payment, plaintiff was damaged in the sum of $101.01, the amount so paid, with interest. The second, third, and fourth causes of action are the same as the first above summarized, excepting that they are based on tax payments of $115.90 for 1923, $119.16 for 1924, and $91.83 for 1925. To each cause of action, respondents demurred on the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were sustained.

Appellant contends that our statutes do not authorize the county treasurer, through the sheriff, to levy upon property belonging to other persons in order to collect personal taxes assessed against a former owner of that and other property.

Defendant Davidson bought this tractor in April, 1925, he sold it to appellant in December, 1926. Before he ever owned the tractor, he owed Faulk county for personal taxes as follows: $62.45 for the year 1922; $78.36 for the year 1923; $87.58 for the year 1924. At the time he sold the tractor to appellant, he owed the foregoing taxes with accruel interest, as well as his personal taxes

for the year 1925 of $75.67 plus accrued interest. Up to the time he sold the tractor to appellant, he owned other personal property, on account of which he was being taxed and out of which the taxes could have been collected. All these taxes were a lien upon the tractor as long as he owned it, under section 6759, Rev. Code 1919, which is as follows: "All taxes assessed upon personal property within this state shall be a first lien on all personal property *of the person against whom personal taxes are assessed,* from and after January first in each year."

Were these taxes a lien on this tractor after he ceased to own it? An extended, though incomplete, examination of the statutes of other states discloses no statute identical with section 6759. The statutes of other states either expressly make the right of distraint dependent upon the continued ownership of the property by the tax debtor, as in North Dakota, or give the lien "the effect of an execution duly levied against all property of the delinquent," as in California, or expressly declare that the tax lien shall follow the specific property assessed into the hands of a purchaser, or expressly declare that the lien shall not follow property sold in the usual course of trade, or use other apt language fixing the duration of the lien of personal taxes on personal property sold to another. The decisions of the courts upon the duration of the lien naturally differ as greatly as the statutes construed.

The Washington statute (Rem. 1915 Code, § 9235) was as follows: "The taxes assessed upon personal property shall be a lien upon all the real and personal property of the person assessed, from and after the date upon which such assessment is made, and no sale or transfer of either real or personal property shall in any way affect the lien for such taxes upon such property."

In Lewis Construction Co. v. King County, 60 Wash. 694, 111 P. 892, the Washington court construed this statute so as to render the property *itself* liable for the taxes assessed against it, saying that it is immaterial to the state whether the title to the property is in the person to whom it is assessed or is in another; that, the property being taxable, the collecting officer is permitted to pursue the property for the tax.

In Raymond v. King County, 117 Wash. 343, 201 P. 455, appellants contended that a personal property tax, no matter when or upon what property assessed, becomes a lien upon all the per-

sonal property owned by persons charged with the tax, whenever or however acquired, and that the lien follows the property into whosoever hands it may subsequently fall. Answering this contention, the Washington court said: "To give the statute the construction contended for would be to say that a chattel by mere sales and deliveries could be charged with a constantly increasing burden. If, to illustrate, a person charged with a tax and owning a specific chattel should sell and deliver the chattel to another, the chattel would not only remain charged with the personal property tax of the seller, but would become immediately charged with the personal property tax of the purchaser; and a like result would follow from all subsequent sales until the chattel could be chargeable with the entire delinquency in the county. * * * But we think the statutes themselves show that the contention made misconstrues the legislative intent. The statutes from the earliest time have contained provisions similar to the provision now in question declaring that the taxes assessed upon personal property shall be a lien upon all of the real and personal property of the person assessed; yet the statutes declaring the lien have uniformly provided that any levy upon personal property to enforce the lien shall be made upon the personal property *of the person charged with the tax.* * * * Manifestly, we think, had it been intended that the levy could be made upon any property the person charged with the taxes at any time owned while so charged, it would have been so stated in express terms, and the specific provisions prescribing upon what property the levy should be made would not have been so framed as to exclude the idea."

This decision of Raymond v. King County has been repeatedly approved by the Washington court; among the more recent cases being Wilberg v. Yakima County, 132 Wash. 219, 231 P. 931, 41 A. L. R. 184, and Goodsell v. Spokane County, 135 Wash. 669, 238 P. 612.

In Pennington v. Yakima County, 127 Wash. 538, 221 P. 326, after referring to the lien of personal property taxes on all other personal property of the owner as "floating and inchoate," the court said: "This floating lien against all the personal property belonging to the person assessed other than the particular property assessed does not fasten or become a fixed lien until the property is seized by the sheriff under sections 11257, 11258, Rem. Comp.

Stat., wherein it is provided that the sheriff shall distrain goods and chattels belonging to the person charged with such taxes."

Whether or not one adopts the theory of the Washington court of a floating or inchoate lien until distraint of goods and chattels belonging to the person charged with such taxes, our statutes, no less than the Washington statutes referred to in Raymond v. King County, supra, " have uniformly provided that any levy upon personal property to enforce the lien shall be made upon the personal property of the person charged with the tax," and there is no provision for the distraint of other personal property than the personal property "of the person charged with the tax."

Section 6774 prescribes the form of the distress warrant. It is the sheriff's warrant of authority, and names only the person *against* whom the taxes are *assessed*. Section 6775 requires him to collect the tax by "seizure of personal property *of such person.*" Section 6778 provides for the collection of the sheriff's fees and costs from "the tax debtor or his property." Section 6779 provides for the collection of taxes in any county "where the person *against whom such assessment was made* may have personal property." Section 6780 provides for the notification of "all persons * * * of the amount of *their delinquent personal property taxes.*" Section 86 of chapter 28 of the Laws of 1897 was in part as follows: "If any person shall neglect or refuse to pay any tax *assessed to him,* the township treasurer or other treasurer charged with its collection, shall collect the same by seizure *of personal property of such person.*"

One looks in vain for any explicit authorization to the sheriff to seize property which was at some former time, but is no longer, owned by the person against whom the personal taxes are assessed. Such authority to distrain, if it exists, is implied from the language of section 6759 hereinbefore quoted. Yet it makes such taxes "a first lien on all personal property *of the person against whom personal taxes are assessed.*" Inasmuch as taxes are not a lien unless expressly made so by statute, and when liens are created are not to be enlarged by construction (Cooley, Taxation [4th Ed.] § 1230), we are of the opinion that the doubt, if any remains, should be resolved to restrict the lien to the property or the person against whom the taxes were assessed. To hold otherwise is to hold that the lien declared in section 6759 extends far-

ther than any legislative machinery devised in thirty-two years to enforce it. Section 6759 is itself silent, as the statutes of few other states are silent as to whether or not the lien follows the property into the hands of a purchaser. Notably absent is the word "perpetual," which appears in section 6758 relating to real property.

But respondent urges that this question has already been settled by this court adversely to appellant's contention in Minneapolis Threshing Machine Co. v. Roberts County, 34 S. D. 498, 149 N. W. 163, 164, L. R. A. 1915D, 886. It was held in that case that the lien for all personal property tax assessed against a mortgagor of a threshing machine after he gave the mortgage could be enforced by distraint of the machine after its purchase on foreclosure by the mortgagee. But the question there decided on different facts was one of priority of liens. It is true that the court said: "And, this lien, having once attached to such personal property, would necessarily follow each article thereof in its transmission to others." It is also true that the court was construing section 2191, Rev. Pol. Code, now section 6759, Rev. Code 1919. But nothing was said therein about the effect of the language of the statutes providing machinery for distraint. That question was evidently not presented by the briefs or in argument. The opinion in that case cites Mills v. Thurston County, 16 Wash. 378, 47 P. 759. The Mills Case was referred to in Raymond v. King County, 117 Wash. 343, 201 P. 455, supra, and distinguished.

Since the decision was handed down in the Roberts County Case, the Legislature has made it a misdemeanor for an owner, agent, mortgagee, or lienholder to sell personal property at public auction without either paying the taxes assessed against such property or notifying the county treasurer so that he can set the machinery of distraint in motion. Chapter 116, Laws 1919. But this property was neither sold at chattel mortgage foreclosure sale nor at any other kind of public auction. It was sold at private sale.

According to respondent's contention, if A owned 50 cows and 500 sheep in 1924 and was legally assessed with personal taxes thereon, and in February, 1925, A sold those 50 cows to B, and personal taxes were legally assessed against B in 1925 on account of those 50 cows and 100 horses which B also owned, and in December, 1926, B sold those 50 cows to C, then in January, 1927, the sheriff could distrain those 50 cows from C, not only for the

1924 tax when A owned them and the 1925 tax when B owned them, but also for the 1924 tax on A's 500 sheep and the 1925 tax on B's 100 horses. Granting that the language of section 6759, Rev. Code 1919, may be fairly construed, if construed alone, so as to make those personal taxes on those 50 cows, 500 sheep, and 100 horses a first lien on those 50 cows, yet the Legislature has avoided the injustice of it by providing no method by which the sheriff, who should have collected A's taxes from A in 1925 and B's taxes from B in 1926, can now collect A's 1924 taxes and B's 1925 taxes from C in 1927. Therefore, when section 6759 is construed, not alone, but read in the light of other sections of our tax law, its meaning is not such as to permit the sheriff of Faulk county to compel appellant to pay Davidson's taxes for 1922, 1923, 1924, and 1925 in order to keep the tractor bought from Davidson in December, 1926.

The orders sustaining the demurrers to the first four causes of action are reversed.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J. I concur in the reversal of the orders appealed from, but I doubt the validity of the distinctions sought to be drawn between the instant case and the case of Minneapolis T. M. Co. v. Roberts County, 34 S. D. 498, 149 N. W. 163, L. R. A. 1915D, 886.