[No. 25679. Department Two. August 23, 1935.]

G. T. MOGAN, *Respondent,* v. EMMA LARSON, *Appellant.*[1]

*Arthur L. Generaux* and *James A. Stinson,* for appellant.

*Fred M. Bond,* for respondent.

[1]Reported in 48 P. (2d) 621.

BLAKE, J.—Defendant, through foreclosure of a real estate mortgage, acquired title to what we may describe as the Sunset Packing Company plant, in South Bend. At the time of foreclosure, "all of the machinery and equipment in said plant classed as personal property of the Sunset Packing Company" had been sold by the sheriff under distraint proceedings for personal property taxes assessed and levied for the year 1930. To the successful bidders, the sheriff executed and delivered a bill of sale containing the following description:

"All personal property of every kind, character and description, which was assessed to and against said Sunset Packing Company as personal property in and for the year 1930, and which said personal property consists, among other things, as follows:

. . . . . . .
"1—60 H. P. Steam Boiler
"7 Electric Motors
"4 Retorts

. . . . . . .
"1 Power hoist . . ."

Other specific items were included in the description, but with these we are not concerned.

The purchasers at the sheriff's sale executed and delivered to plaintiff two bills of sale, the first dated March 24, 1933; the second, April 11, 1933. The former contained the following description:

"One sixty horse power steam boiler, seven electric motors, four retorts, all located in the plant of the Sunset Packing Company . . ."

The latter contained the following description:

"One power hoist; 4 wheelbarrows; 60 platforms; 7 oyster tables; 1 platform truck; 3 hand trucks; 16 truck cars; 3 transfer tracks; 250 steel trays; 2 exhaust boxes; and 2 shafts and pulleys; all located in the plant of the Sunset Packing Company . . ."

Of the property described in these two bills of sale, only the following was contained in the detail list of personal property executed on behalf of Sunset Packing Company for assessment in 1930: One H. P. steam boiler, seven electric motors, four retorts, one power hoist. In other words, the detail list of the property assessed was specific. It contained no general description, such as "all the personal property located in the plant of the Sunset Packing Company;" so·it is apparent that the sheriff sold, under the distraint, a considerable amount of personalty not assessed for taxes for 1930, and that the purchasers at sheriff's sale in turn sold such property to plaintiff.

Defendant refusing to surrender the property, plaintiff brought this action in replevin to recover all of the property described in the two bills of sale executed and delivered to him by the purchasers at the sheriff's sale. The trial court found that plaintiff was entitled to possession of all of said property, and entered judgment accordingly. Defendant appeals. The question is: What, if any, of such property passed to the purchasers at the sheriff's sale?

Appellant contends that the sheriff's sale was entirely void, and claims right to possession of all of the property under bill of sale from Sunset Packing Company, dated April 6, 1934. Rem. Rev. Stat., § 11247 [P. C. § 6882-86], prescribes the method of collecting personal property taxes by distraint. The essential steps are: (1) Preparation of papers in distraint by the county treasurer, and filing them with the sheriff; (2) distraint by the sheriff of "sufficient goods and chattels belonging to the person charged with such taxes to pay the same . . .;" (3) posting notice of sale; (4) sale of so much of the property distrained as necessary to pay the taxes, interest and

costs; (5) payment of the proceeds of the sale by the sheriff to the county treasurer.

The evidence is undisputed that all these steps were taken with the detail and circumstantiality prescribed by the statute. Appellant complains that there is no record of distraint having been issued by the treasurer and filed with the sheriff. The statute does not require any record to be made. Complaint is made that no return of sale was made by the sheriff. None is required. It was, therefore, unnecessary to make return. 61 C. J. 1051.

Appellant contends that the sheriff's notice of sale was insufficient, in that there was no specific description of the property to be sold. The notice of sale described the property as "all of the machinery and equipment in said plant classed as personal property of the Sunset Packing Company." The same objection is made to the sheriff's bill of sale.

We think the description sufficient to sell and transfer all of the property which was lawfully distrained. In construing chattel mortgages and bills of sale, we have held such descriptions sufficient to include personal property located on the premises described in the instrument, even though such personal property was not specifically mentioned or described. *McVeety v. Hayes,* 111 Wash. 457, 191 Pac. 401; *Mott v. Johnson,* 112 Wash. 18, 191 Pac. 844. The rule announced in these cases is quite as applicable to the sale of personal property for taxes.

Appellant contends that, in any event, the distraint and sale was invalid as to all property not described in the detail list of personal property assessed. In answer to this contention, respondent says that a personal property tax is the personal obligation of the person who owned the property at the time of assessment, and that all his property, real and personal, is

subject to a lien therefor. In *Porter v. Yakima County*, 77 Wash. 299, 137 Pac. 466, we said:

"In making the distraint, the treasurer is not limited to the property assessed, but may distrain any personal property belonging to the tax debtor within the county, sufficient in amount to meet the taxes, together with costs and interest."

But it does not follow that all of one's personal property can be distrained and sold in mass to satisfy a tax assessed against only a portion of it. While, under the statute, the sale of personal property for taxes is summary in the highest degree, the sale must be conducted with some regard for the taxpayer's rights. In construing the statutes relative to the collection of taxes on personal property, this court, in the case of *Wilberg v. Yakima County*, 132 Wash. 219, 231 Pac. 931, 41 A. L. R. 184, at great pains, laid down a set of rules designed to protect the rights of the taxpayer without in any manner hampering the collection of such taxes. In so far as applicable to the facts in the instant case, we there said:

"While it is not essential for the determination of the question involved in this case, it may not be amiss, in order, if possible, not to add to the confused situation with regard to the collection of personal property taxes, to say that the law on this subject seems to be that personal property taxes assessed against specific items of personal property are to be collected in this manner:

"(1) The amount of the tax is the personal obligation of the person who owned the property at the time of the assessment, which time, we have determined in *Klickitat Warehouse Company v. Klickitat County*, 42 Wash. 299, 84 Pac. 860, and *Puyallup v. Lakin*, 45 Wash. 368, 88 Pac. 578, is the time of the listing of the property by the assessor;

"(2) That the tax is to be collected, if such property still continues in the hands of the person against whom it was assessed, from such property;

" (3) If that specific property does not exist in such hands, the amount of the tax may be collected as a lien upon all the real and personal property of the person assessed, and may be collected from the other personal or real property of such person;

" (4) And if it is to be collected from the personal property, it does not become a lien upon such property until it has been seized and distrained by the sheriff, under §§ 11257 and 11258, Rem. Comp. Stat. [P. C. §§ 6957, 6958]. *Pennington v. Yakima County,* 127 Wash. 538, 221 Pac. 326.''

It is quite apparent, under these rules, that the sheriff had no right, in the first instance, to sell personal property not described in the detail assessment list. Had sale been had of the property so described, and had the proceeds of such sale been insufficient to pay the tax, interest and costs, then sale might have been had of a sufficient amount of other personal property distrained to pay the balance.

In so far as there was an attempt to sell property not described in the detail list of assessment, the proceedings were void. As to the following property only, we hold the sheriff's sale valid: One sixty horse power steam boiler, seven electric motors, four retorts, one power hoist. In saying the sale was valid only as to such property, it is to be understood that we are not holding the sale invalid as to other property described in the detail list of assessment. No other property described therein is involved in this action.

The cause is remanded, with directions to modify the judgment accordingly.

STEINERT, MITCHELL, and MAIN, JJ., concur.

HOLCOMB, J. (dissenting)—It seems clear to me that, under our statutes, all necessary legal steps for the distraint and sale were taken, under the decisions cited in the prevailing opinion, including *Wilberg v. Yakima County,* 132 Wash. 219, 231 Pac. 931, 41 A. L. R. 184.

Under all those decisions, the tax lien upon all the tax-payer's personalty became fixed when it was distrained by the treasurer and seized by the sheriff, as was the case here.

The judgment should be affirmed *in toto*. I therefore dissent.