## PEOPLE'S WATER & GAS CO. v. CITY OF VANCOUVER.

No. 9159.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1939.

Charles A. Hart, of Portland, Or. (Hayden, Metzger & Blair, of Tacoma, Wash., and Carey, Hart, Spencer & McCulloch, of Portland, Or., of counsel), for appellant.

D. Elwood Caples, of Vancouver, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

This cause was brought to obtain ·a declaratory judgment construing a provision in a contract.

Appellant was the owner of a water distributing system serving the inhabitants of the City of Vancouver. The city agreed to acquire the system by contract dated October 31, 1936, which provided with respect to taxes: "On transfer of the water system to the City, all taxes,' assessments, insurance, rents, and items of like nature, shall be prorated as of the date of transfer on the basis of an accrual of such charges for the year in which the same are payable, to the end that the Company shall pay such taxes, insurance, rents, et cetera, as have thus accrued prior to the date of transfer of the properties and not thereafter, and the Company shall be entitled to an addition to the total price otherwise payable on account of any such accruals or prepayments."

The transfer of the system was made to the city on June 1, 1937.

The statutory provisions (Remington's Rev.St. of Wash.) provide that all real and personal property is "subject to assessment and taxation" on March 1 of each year, section 11111, that the taxes are to be levied "on or before the second Monday in October in each year" (§ 11239), by the Board of County Commissioners at its October session (§ 11238); that the taxes become due on the following February 15 (§ 11243); that one-half thereof is delinquent unless paid on or before May 31, and the remaining one-half is delinquent unless paid on or before November 30 of each year. § 11244. Section 11265, as amended by Laws 1935, p. 75, § 7 provides:

"The taxes assessed upon real property shall be a lien thereon from and including the first day of March in the year in which they are levied until the same are paid, but as between ·a grantor and a grantee such lien shall not attach until the fifteenth day of February of the succeeding year. The taxes assessed upon each item of personal property assessed shall be a lien upon such personal property from and after the date upon which the same is listed with and valued by the county assessor, and no sale or transfer of such personal property shall in any way affect the lien for such taxes upon such property. * * *"

Appellant and the city were unable to agree as to which party was liable for the 1936 taxes, both real and personal, which were payable in 1937, and for three-twelfths of the personal property taxes assessed and levied in 1937, and appellant brought this cause praying that the tax liability of each of the parties be adjudged. The court below held that appellant was liable for the taxes mentioned and entered a judgment and decree to that effect. This appeal followed.

Appellant contends that the contractual provision properly provides that it is liable for the taxes "thus" accrued—meaning accrued as previously described in the provision. It is asserted that as so used, the word "accrued" means only a pro-rate share of the taxes, appellant's share being pro-rated for the period of time it possessed the property.

■ The provision is that "all taxes * * * shall be prorated as of the date of transfer on the basis of an accrual of such charges for the year in which the same are payable, to the end that the Company shall pay such taxes * * * as have *thus* accrued prior to the date of transfer * * *" The word "thus" not only refers to the word "prorated", but also to the clause "on the basis of an accrual of such charges for the year in which the same are payable". Therefore, appellant is liable for such taxes as had accrued on or before June 1, 1937. Under the above cited statutory provisions, the property was assessed, the taxes were levied, the lien for all taxes attached, the taxes were owing in full, and one-half thereof was due and payable, all before June 1, 1937.

■ In Washington the lien for taxes on personal property attaches when such property is listed with and valued by the county assessor (Klickitat Warehouse Co. v. Klickitat County, 42 Wash. 299, 84 P. 860; City of Puyallup v. Lakin, 45 Wash. 368, 88 P. 578) and the owner of such property is personally liable for such taxes. Raymond v. King County, 117 Wash. 343, 201 P. 455; Wilberg v. Yakima County, 132 Wash. 219, 231 P. 931, 41 A.L.R. 184.

■ With respect to real property, the owner of the title thereto at the time the lien attaches is liable for the taxes. State v. Snohomish County, 71 Wash. 320, 128 P. 667; Bethany Presbyterian Church v. City of Seattle, 154 Wash. 529, 282 P. 922; State ex rel. Oregon-Washington Water Service Co. v. City of Hoquiam, 155 Wash. 678, 286 P. 286, 287 P. 670. It is unnecessary to decide whether the lien on the real

property attached in October, 1936, or February, 1937 (compare Commissioner v. Plestcheeff, 9 Cir., 100 F.2d 62) because both dates are prior to June 1, 1937, when the title was transferred to the city.

It is apparent, therefore, that the entire tax had accrued prior to June 1, 1937, and appellant was liable therefor. Appellant contends that it should be held liable for only five-twelfths of the 1936 taxes, and for none of the 1937 personal property taxes. A holding to that effect would require a reformation of the contractual provision, for appellant agreed to pay such taxes as had "accrued", not a proportion of the yearly taxes.

Affirmed.