THE STATE, WILLIAM W. SHIPPEN, PROSECUTOR, v. GEORGE HARDIN, COLLECTOR OF TAXES OF NEWTON.

Assessments for taxes must relate to the day in each year when, by law, the assessment is to be commenced.

*Certiorari.* In matter of taxation.

Argued before BEDLE, WOODHULL, and SCUDDER, Justices.

For prosecutor, *Robert Hamilton.*

SCUDDER, J. This *certiorari* brings up the assessment of taxes made against William W. Shippen, the prosecutor, in the town of Newton, Sussex county, for the year 1868.

The whole amount of tax is $320. The property for which the tax is claimed is a farm and two houses and lots in the said town of Newton, which were conveyed to the prosecutor August 19th, 1868. William M. Babbitt owned the property prior to such sale, and had resided on the farm for several years. The prosecutor lives in the county of Hudson. The assessor says, in his testimony taken in this cause, that he had made no assessment of the Babbitt property at the time he met the town committee, on the 19th day of August, 1868. Afterwards the town committee adjourned to August 26th, 1868, at which time the assessment was made to the prosecutor, by order of the town committee. The property was advertised for sale, and the assessment was delayed until after the sale was made and the deed delivered to the prosecutor.

The reason relied upon for setting aside the assessment is, that the prosecutor had no interest in or possession of the property until after the time for making the assessment for the year 1868.

This objection is well taken, and is fatal to the assessment against the prosecutor.

State, Shippen, pros., v. Hardin, Collector.

The supplement to the act concerning taxes, approved April 11th, 1866, (*Nix. Dig.* 951, § 2,) enacts that "all real and personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation at the full and actual value thereof, *on the day in each year when, by law, the assessment is to commence,*" &c.

The time to commence the assessment fixed by our statute is the 20th day of May. *Nix. Dig.* 938, § 1.*     On that day, in the year 1868, the property was owned by William M. Babbitt, and was liable to taxation in his name.

The obvious purpose of the legislature in this enactment was to correct the irregularities and uncertainties of assessments under the law as it had before existed.     Prior to that time, the list of persons and property was required to be made by the assessors between the 20th day of May and the 20th day of August, annually; and as no day was fixed to which the assessment should relate, it had become the practice to take the owner and the valuation of property at any time between the days named for the beginning and ending of the assessment.     The practical effects of this method of taxation were confusion in the transfers of property, hindrance in the ordinary transactions of business, and difficulty in rendering a full and true account of ratable property by the owners, whenever the assessor might call for it, between the times named for the assessment.     This later law has the merit of rendering certain what was before confused.

The limitation of time in this section is general, and applies to the action of other officers upon assessments besides the assessors.

In this case, the assessor made no assessment between the 20th day of May and the third Monday in August, as required by law.     *Nix. Dig.* 958, *pl.* 116.†

When the township committee met on the third Tuesday of August (18th,) no assessment of this property had yet been made.     The duplicate was laid before them by the as-

---

* *Rev., p.* 1140, § 1.     † *Rev., p.* 1160, § 92.

sessor for examination, revision, and correction, under the supplement of April 11th, 1867, (*Nix. Dig.* 958.*) This was done on the 19th of August, the day the conveyance was made to Mr. Shippen, the prosecutor. The committee adjourned to the 26th of August, at which time they attempted to correct the omission of the farm, houses, and lots, and made the assessment to the prosecutor, Mr. Shippen, who then owned it. Admitting that, under the general powers given to them to examine, revise, and correct the duplicate, the township committee had the right to place an omitted name and property upon the same, the entry, whenever and by whomsoever made, must relate back to the day when, by law, the assessment is to commence. *State, Force, pros.,* v. *Williamson,* 4 *Vroom* 77.

In directing the assessor to enter the property to the prosecutor they erred, and their action was illegal.

The case of *State* v. *Murphy,* 2 *Vroom* 288, was decided in June Term, 1865, before the act was passed limiting the time of assessment upon which the foregoing decision is based, and does not, therefore, affect this case.

The assessor has also omitted to add to his duplicate, by way of appendix or otherwise, a designation of said real estate by such short description as will be sufficient to ascertain the location and extent thereof, pursuant to § 1, *Nix. Dig.* 947,† and § 10, *Nix. Dig.* 953 ;‡ hence, proceedings cannot be taken under the act of March 17th, 1854, for collection by making the tax a lien upon the land. The duplicate only shows that there was assessed to the prosecutor a farm of two hundred and eighty-five acres and two houses and lots, without any further description or location.

Section seven of the act of 1854 enacts that notwithstanding any mistake in the name or names of the owners, or omission to name the real owner or owners of any lands, tenements, hereditaments, and real estate in the said township, in assessing the taxes on account thereof as aforesaid, such assessment shall be valid and effectual in law against such lands, tenements, or real estate ; and the same may be proceeded against and sold in the manner prescribed herein.

*Rev., p.* 1160.    †*Rev., p.,* 1163, § 114.    ‡*Rev., p.* 1154, § 69.

The manner prescribed in the third section is to sell by warrant issued by the township committee, to make the taxes of the lands on account whereof the same were assessed as aforesaid, and of which *the assessor's description shall be therein set forth.*

How could any sale be made of these lands by the description in the assessor's duplicate—"Farm assessed on, two hundred and eighty-five acres, and two houses and lots?" The location cannot be ascertained by this designation; the lien would, therefore, be ineffectual, and the correction of the mistake in the name of the owner would amount to nothing. A similar difficulty was found in the case of *State v. Vanderbilt,* 4 *Vroom* 38, from the omission to assess in the name of any person, and the court found it impossible to sustain the assessment.

There is some difficulty as the law now stands, in correcting omissions and mistakes in assessments, and making the same a charge upon lands. It is to be regretted that some township officers are not more careful in making out their duplicates according to the requirements of the statute, that all property may be held for its due proportion of taxes. The authority to amend, given to this court under the act of 1852, will not apply to this case, and the assessment against the prosecutor and all proceedings thereupon must be set aside.

BEDLE and WOODHULL, Justices, concurred.

CITED *in State* v. *Township of Union,* 7 *Vr.* 311; *Dows* v. *Drew,* 12 *C. E. Gr.* 443.