STATE, CHARLES B. BROECK AND WILLIAM G. PENNY-
PACKER, TRADING AS CHARLES B. BROECK & CO.,
PROSECUTORS, v. MAYOR AND ALDERMEN OF JERSEY
CITY.

1. Owners of personal property at time of the assessment are liable for the tax thereon.
2. Subsequent change of duplicate not legal.

On *certiorari.*  In matter of taxation.

Argued at November Term, 1881, before Justices DEPUE, VAN SYCKEL and PARKER.

For the prosecutors, *J. B. Vredenburgh.*

For the defendants, *A. L. McDermott.*

The opinion of the court was delivered by

PARKER, J.  The writ of *certiorari* in this case presents the question of the legality of the assessment of taxes on personal property for the year 1878, claimed by the defendants to belong to Charles B. Broeck & Co.

The Anchor Manufacturing Company owned the property up to the 20th day of September, 1878, and on that day sold it to Broeck & Co.  The duplicate shows that the assessment was first made to the Anchor Manufacturing Company as owners, and that it was subsequently changed by erasing the words "Anchor Manufacturing Co." and adding the words "sold out to Charles B. Broeck & Co."

The evidence shows that the prosecutors, in the year 1878, did not reside in the State of New Jersey, and carried on business in the State of New York, where they were taxed on personal property.

The charter of Jersey City provides that the assessors of

the several districts shall cause to be filed with the clerk of the city, a transcript or duplicate of assessment of taxes levied in the city, on or before the first day of August in each year, and that, for the period of thirty days, such transcript or duplicate shall be open to inspection, and on or before the time last named, (September 1st,) shall deliver another transcript or duplicate to the city collector, who shall proceed to collect the taxes so assessed.

The general law of the state, passed April 11th, 1866, section 6, provides that the tax on personal property shall be assessed upon each inhabitant liable to a personal tax, on the day prescribed by law for commencing the assessment in each year. The assessment had commenced, and was, in fact, finished, while the Anchor Manufacturing Company were the owners of the property taxed, and long before the prosecutors became the owners.

The assessment was legally made to the Anchor Manufacturing Company. A lien for taxes on personal property does not attach to the goods, but the owners of the property at the time of the assessment are liable for the tax. The duplicate could not legally be changed.

The following cases apply, viz. : *State, Shippen, pros.,* v. *Hardin,* 5 *Vroom* 79 ; *State, Force, pros.,* v. *Williamson,* 4 *Vroom* 77.

The assessment against the prosecutors was illegal, and is set aside, with costs.