PATRICK CUDAHY FAMILY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83436.   Promulgated December 15, 1937.

*Richard H. Tyrrell, Esq.*, for the petitioner.
*Albert E. Arent, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding involves deficiencies in petitioner's income tax for the fiscal years ended June 30, 1933, and June 30, 1934, of $773.99 and $101.46, respectively. Only a portion of each deficiency is in controversy. The sole question in issue is as to when Wisconsin

personal property and real property taxes accrue as liabilities so as to be deductible from gross income in income tax returns made on the accrual basis, under section 23 (c) of the Revenue Act of 1932.

The petitioner is a Wisconsin corporation, engaged in the business of renting business and residential apartment properties owned by it and located in the city of Milwaukee. It has at all times kept its books of account and made its income tax returns on the accrual basis, and continuously since 1924 upon the basis of a fiscal year ended June 30.

In its income tax returns for the fiscal years ended June 30, 1933, and June 30, 1934, it deducted from gross income, as taxes accrued during that year, personal property and real estate taxes which became due and were paid by it within each fiscal year as follows:

| Income tax year ended | Taxes deducted by petitioner | Amount |
|---|---|---|
| June 30, 1933 | 1932 real estate tax | $59,715.28 |
| | 1932 personal property tax | 560.49 |
| Total | | 60,275.77 |
| June 30, 1934 | 1933 real estate tax | 55,862.15 |
| | 1933 personal property tax | 525.44 |
| Total | | 56,387.59 |

Upon audit of the taxpayer's returns the respondent allowed the deduction from the gross income reported for the fiscal year ended June 30, 1933, of the taxes which were assessed as of May 1, 1933, namely, $56,387.59, which taxes were claimed by the petitioner as a deduction from gross income in the return for the fiscal year ended June 30, 1934, and for the last named year substituted as a deduction for the $56,387.59 claimed in that return the amount of $56,192.65, which represented the real estate and personal property taxes assessed as of May 1, 1934. He thus disallowed the deduction of $3,888.18 claimed upon the return for the fiscal year ended June 30, 1933, and $194.94 of the amount claimed as a deduction upon the return for the fiscal year ended June 30, 1934.

The adjustment made by the respondent is in accordance with I. T. 2694, Cumulative Bulletin XII–1, p. 107. In that ruling it is held:

With respect to the accrual date of real property taxes under the Wisconsin Statutes of 1927, it has been held (I. T. 2633, C. B. XI–2, 77) that ownership of real property on the date (falling between May 1 and the first Monday in July of each year for cities, and between May 1 and the last Monday of June elsewhere in the State) as of which such property is actually valued for assessment purposes is the "event" which determines the liability for the tax. It was further held that where the tax had accrued prior to the purchase of the property it should be treated as a part of the cost of the property.

In this proceeding the petitioner contends that both personal property and real property taxes in Wisconsin do not accrue until December of each taxable year and that the taxes which accrue at that time are those which are assessed as of May 1 preceding. It is contended that no liability for the payment of these taxes attaches under the laws of the State of Wisconsin until the tax roll is completed and delivered by the tax commissioner to the city treasurer with his warrant for collection of the taxes annexed thereto; that such a contention is supported by the decisions of the State of Wisconsin and one Federal court, and that the rule is recognized and followed by the Wisconsin State Tax Commission in the administration of the Wisconsin income tax law; that the tax commission does not allow the deduction of Wisconsin property taxes prior to November 30 by income taxpayers reporting on a fiscal year basis and making its returns upon the accrual basis. See article 507.1 of the Wisconsin income tax regulations, to the effect that personal property taxes and real estate taxes are deductible in the year in which they are assessed, but that no accrual for such taxes may be deducted on any return for the fiscal year ending prior to November 30 (see Prentice-Hall Wisconsin Tax Service, 1937, paragraph 1128).

Section 70.10 of the Wisconsin statutes provides in part:

* * * All real and personal property shall be assessed as of the first day of May in such year except as provided in section 70.13.

Section 74.62 of the same statutes provides in part:

* * * As between grantor and grantee of any land, when there is no express agreement as to which shall pay the taxes assessed thereon for the year in which the conveyance is made, if such land is conveyed on or before the first day of December, then the grantee shall pay the same; but if conveyed after that date, then the grantor shall pay them.

Although tax rolls are based on the valuations of property as of May 1 each year, they are not completed until many weeks thereafter. The various steps taken by the state, county, and city authorities in making the assessments for the calendar years 1932 and 1933 were in their chronological order as follows:

On the last Monday in June (June 27, 1932, and June 26, 1933) the assessors of the city of Milwaukee delivered their assessment rolls to the city tax commissioner and met with the commissioner as an assessment board to make all necessary corrections and changes in the assessment rolls.

On the first Monday in July (July 5, 1932, and July 3, 1933) the board of review of the city of Milwaukee met to review the work of the assessment board, and after hearings thereon adjourned in August.

On September 29, 1932, and September 21, 1933, the reports and assessment valuation rolls of the tax commissioner for the city of Milwaukee were filed with the common council and were approved on October 3 and October 2 of the respective years. On November 10, 1932, the common council, by resolution, adopted the recommendations of the city comptroller relating to the tax levy and levied the Milwaukee city taxes for 1932, fixing the city tax rate at $22.40 for each $1,000 of assessed valuation. On November 13, 1933, the common council of the city of Milwaukee, by resolution, adopted the recommendations of the city comptroller relating to the tax levy and levied the Milwaukee city taxes for the year 1933, fixing the city tax rate at $23.33 for each $1,000 of assessed valuation. On December 12, 1932, and on December 11, 1933, both dates being the second Monday of December of those years, the tax commissioner delivered the tax rolls to the city treasurer of Milwaukee with his warrant for the collection of the taxes shown by the tax rolls annexed thereto.

The petitioner's income tax returns for the tax years here in question were made under the Revenue Act of 1932, which provides (sec. 23 (c)) for the deduction from gross income of "Taxes paid or accrued within the taxable year."

Section 41 of the same act provides in part:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

The question presented in this case was ruled upon directly by the District Court of the United States for the Eastern District of Wisconsin in the case of *Securities Co. of Milwaukee* v. *United States* (Dist. Ct., Wisc., Dec. 10, 1936), not reported. The court held that state and county taxes on real property in Milwaukee, Wisconsin, accrue on the day that the tax roll in which they are extended is completed and delivered by the local tax commissioner to the local treasurer with his warrant for collection of such taxes annexed thereto. Although the 1929 real estate taxes were assessed on a valuation as of May 1, 1929, the court held that they did not accrue and become a lien on the property until December 9, 1929, when the tax roll in which they were extended was completed and delivered by the tax commissioner of the city of Milwaukee to the city treasurer, with his warrant for collection of such taxes annexed thereto.

The case of *Theodore Plestcheeff*, 35 B. T. A. 508, involved the deduction of real estate taxes in the State of Washington. In that state the tax levy was made in October but upon a valuation deter-

mined as of the preceding March 1. The taxpayer became the owner of the property on April 5, 1931, and claimed as a deduction the taxes levied in October 1931. The respondent disallowed the deduction upon the ground that the taxes were based upon a valuation determined as of March 1, a date before the taxpayer acquired title to the property, and that therefore such taxes were not the taxpayer's taxes. The Board held, however, that the incidence of the tax did not occur until the levy in October and that therefore the deduction was proper.

Since it appears that the petitioner had no liability for the payment of real property taxes assessed as of May 1, 1932, and May 1, 1933, until after the beginning of its fiscal years ended June 30, 1933, and June 30, 1934, we are of the opinion that the real property taxes properly accruable for the fiscal years mentioned are the real property taxes which were assessed as of May 1, 1932, and May 1, 1933, as contended by the petitioner, and not those assessed as of May 1, 1933, and May 1, 1934.

We are of the opinion that no distinction should be made between real property taxes and personal property taxes under the laws of Wisconsin so far as the date of accrual is concerned. Both are assessed as of May 1 in each calendar year, but it is clear from the decisions of the Wisconsin courts that the date of May 1 is only the date of valuation. Cf. *Gilkey* v. *City of Merrill*, 67 Wis. 459; 30 N. W. 733. No levy is made of either personal property taxes or real property taxes until after November 1 of each year. Ordinarily, no liability for the payment of taxes, expenses, etc., accrues until after the happening of all events which definitely fix the liability. Cf. *Lucas* v. *American Code Co.*, 280 U. S. 445. In *United States* v. *Anderson*, 269 U. S. 422, the question presented to the Court was whether a taxpayer keeping its books of account on the accrual basis and accruing therein munitions taxes for the calendar year could deduct in a subsequent year the munitions taxes which it had accrued in a prior year. The Supreme Court held that the purpose of the provision of the Revenue Act of 1916, permitting taxpayers keeping their books of account on the accrual basis to make income tax returns on that basis, was to enable them to "make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period." It was further held:

* * * In a technical legal sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it. * * *

The principle thus announced was further extended in *Fawcus Machine Co.* v. *United States*, 282 U. S. 375, in which it was held that Federal income and excess profits taxes for the year 1918 accrued in that year even though the Revenue Act of 1918 was not passed until February 24, 1919, and made changes in the rates. The Court observed that—

* * * The act [Revenue Act of 1918] was passed in ample time to allow the taxpayer to readjust its accounts for that year by including these taxes; and since its books were kept on an accrual basis, it was necessary that this should be done in order clearly to reflect the income for 1918.

The petitioner's income tax returns for the fiscal years ended June 30, 1933, and June 30, 1934, were due to be filed on or before October 15 of each year. At that date the rate of tax to be levied upon real and personal property in Wisconsin had not been determined and the levy of the taxes had not been made. All of the incidents had not transpired which fixed the petitioners' tax liabilities for 1933 and 1934 until after the returns were due to be filed. We do not think that it can be said in this case, as was said in *United States* v. *Anderson, supra,* and *Fawcus Machine Co.* v. *United States, supra,* that the taxes levied as of May 1, 1933, and May 1, 1934, were properly charges against the incomes earned for the fiscal years ended June 30, 1933, and June 30, 1934. As we understand the statutes of the State of Wisconsin the taxes assessed as of May 1 each year are for the purpose of raising funds to meet the expenses of the calendar year. If our supposition is correct, as we believe it to be, and since all of the incidents fixing the tax liabilities had not transpired up to October 15 of each year, we are of the opinion that the petitioner correctly accrued in its income tax returns for the fiscal years involved in this proceeding the tax liabilities which were assessed as of May 1, 1932, and May 1, 1933.

*Judgment will be entered under Rule 50.*